LINDSAY ANNE WESTON
Attorney  State Bar No. 73132
1411 W. Covell Blvd., Ste. 106, No.283
Davis, California 95616-5934
(530) 756-7774

Attorney for Defendant,
FERNANDO LOPEZ RIVERA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FERNANDO LOPEZ RIVERA,<br><br>　　　　Defendant. | No. CR-S-05-018-EJG<br><br>STIPULATION TO SET CASE FOR STATUS CONFERENCE; DECLARATION OF COUNSEL; AND ORDER |

**THE PARTIES TO THIS ACTION, FERNANDO LOPEZ RIVERA, by and through his appointed counsel of record, Lindsay Anne Weston, and Plaintiff United States of America, through its counsel, Assistant United States Attorney   Richard Bender, hereby stipulate and request this Court to remove the case from sentencing on March 31, 2006, at 10:00 a.m. and set the matter for a status conference for April 14, 2006, at 10:00 a.m. The parties further request that the Court, at the status conference, set a new schedule for responding to the revised presentence report.**

**　　　　The reason for this request, which is made by the defense, is basically outlined as follows. Mr. Lopez, who is Spanish speaking, entered a plea agreement in which the parties indicated an estimated, not binding, sentence of approximately 120 months arrived at by an estimation of the guideline range, a criminal history category of VI, and a motion by the government for a reduction pursuant to USSG 5k1.1. Because the presentence report indicates that Mr. Lopez is a career offender, his potential sentence is greater than the parties anticipated and the pretrial officer is recommending a sentence at the high end of the guideline range of 235 months. The**

undersigned counsel have met, conferred, and reached a tentative resolution, which involves a recommended sentence by the government higher than originally estimated in the plea agreement.

At defense counsel's request, an advisory counsel, Gilbert Roque, has been appointed to consult with Mr. Lopez and give him an advisory opinion, independent of current counsel, about his options in light of the significantly higher potential sentence and the new sentence anticipated to be recommended by the government. Mr. Roque has indicated he needs approximately a month to review the pertinent documents and have sufficient time to consult with Mr. Lopez. Because of this, the parties ask that the mater be taken off calendar for sentencing on March 31, 2006, and that the matter be set for a status conference on April 14, 2006, at 10:00 a.m. to determine how best to proceed in the case and with sentencing. *The basis for this request is described more fully in the accompanying Declaration of Lindsay Anne Weston.*

This Stipulation is also based on all records and pleadings in this matter.

Resepctfully submitted,
/s/Lindsay Anne Weston

**DATED: March 16, 2006**           _____
**LINDSAY ANNE WESTON**
**Counsel for Defendant Lopez Rivera**


/s/ Richard Bender

**DATED: March 20, 2006**           _____
**RICHARD BENDER**
**Counsel for Plaintiff**
**United States of America**

# **DECLARATION OF LINDSAY ANNE WESTON**

I, LINDSAY ANNE WESTON, declare as follows:

1. I am an attorney licensed to practice in California and am admitted to practice before this Court. My bar card number is 73132. I am a member of the Criminal Justice Act Panel and as such, was appointed on June 17, 2005, to represent FERNANDO LOPEZ RIVERA. Mr. Rivera was previously represented by Deputy Federal Defender Jeffrey Staniels from January 11, 2005 to June 17, 2005.

2. Mr. Rivera is charged with multiple counts of sales of methamphetamine and heroin and a count of being a deported alien found in the United Sates subsequent to a conviction for an aggravated felony. He pleaded guilty on December 2, 2005, pursuant to a plea agreement. He was interviewed by the probation officer, a draft presentence report was prepared, and the report, with the exception of a few portions of the amended report, has been read in Spanish to Mr. Lopez. The matter is set for sentencing on March 31, 2006.

3. The plea agreement entered by Mr. Lopez gave an estimated sentencing

recommendation by the government of 120 based on a joint guideline calculations of an adjusted guideline offense level of 28, a criminal history level VI, and a downward departure by the government pursuant to USSG 5k1.1. Although the plea agreement included that this was not binding on the Court or the parties, the agreement represented that this was the best calculation of the parties, and both parties had a lengthy rap sheet for Mr. Lopez.

4. The presentence report determined that Mr. Lopez is a career offender under the USSG with a guideline range of 188-235 months. The probation officer is recommending a sentence of 235 months. After receipt of the report, Richard Bender and I conferred several times and met on February 24, 2006, to discuss a resolution of the case in light of the career offender status and recommendation of the probation officer. We reached an agreement, with a new sentencing recommendation anticipated to be recommended by the government, which I found acceptable and this was relayed to Mr. Lopez. The presentence report was read to him with the exception of the amendments including additional factual information on the two domestic violence felonies which make him a career offender.

5. In my opinion, Mr. Lopez fully expected to receive a sentence of 120 months from the plea agreement. I requested that an advisory counsel be appointed to advise Mr. Lopez in light of the greater potential sentence and

recommendation of the probation officer. I did this because it is my opinion, and not necessarily that of the government, Mr. Lopez has some difficulties in understanding the change in his position. He does not even have a 6th grade education and I believe he may have some degree of brain damage due to serious alcoholism from youth , and perhaps, additional factors. Mr. Gilbert Roque was appointed to give Mr. Lopez an advisory opinion as to his position and options at this point in the case. Although my client and I get along, he is not particularly trusting of me since the PSR was different and much higher than what I advised him I thought his sentence would be. Further, because the plea agreement contains a limited waiver of appeal and a waiver of habeas rights, I think it is especially important Mr. Lopez be clear as to whatever choices he may have. Because Mr. Roque is bilingual in Spanish, this will be particularly helpful in assisting Mr. Lopez in understanding his position. Mr. Roque has been provided all of the necessary discovery and documents in the case. He told me this past week it would take him about a month to review the documents and have sufficient consultations with Mr. Lopez.

      6.    For the above reason, Mr. Bender and I are requesting the matter be taken off calendar for sentencing and set for a status conference on April 14, 2006.  At the status conference, we can inform the Court if Mr. Lopez wants to move to withdraw his plea, wishes to ask the Court to appoint new counsel, or

wishes to proceed with sentencing. All parties want to proceed expeditiously in this matter, including my client who does not want to spend much more time at

Sacramento County Jail. Mr. Roque told me he will advise me about Mr. Lopez's position as soon as possible and I could ask to have the matter advanced.

      I declare the above to be true under penalty of perjury dated this 16th day of March, 2006, and executed at Davis, California.

                                        /s/Lindsay Weston

                                        _____
                                        LINDSAY ANNE WESTON

**[PROPOSED] ORDER**

GOOD CAUSE APPEARING, the sentencing scheduled for March 31, 2006, at 10:00 a.m. is taken off calendar and the case is set for a status conference on April 14, 2006, at 10:00 a.m.

DATED:    March  21, 2006

<u>/s/ Edward J. Garcia</u>
United States District Court Judge